IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00901-MSK-BNB

JAMES RALPH DAWSON, JR.,

Plaintiff,

v.

PAUL AUDET,
SUSAN AUDET, a.k.a. DEANNE AUDET,
DONALD BRIGHTWELL,
DINO WILLIAMS,
ANGEL MEDINA,
STEVEN OWENS, and
ANTHONY DeCESARO,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions:

(1)   **Plaintiff's Motion for Partial Summary Judgment Pursuant to Federal Rules of Civil Procedures 56(c)** [Doc. #29, filed 08/13/2012] (the "Motion for Partial Summary Judgment"); and

(2)   The defendants' **Motion to Strike . . . .** [Doc. #36, filed 08/30/2012].

The plaintiff's Motion for Partial Summary Judgment is DENIED WITHOUT PREJUDICE and the defendants' Motion to Strike is DENIED as moot.

The plaintiff filed his Prisoner Complaint on April 5, 2012 [Doc. #1] (the "Complaint"). The Complaint asserts six claims. Each of the six claims contain numerous sub-claims. The causes of action are not entirely clear, and most of the claims lack specific supporting factual allegations.

By separate recommendation, I found that the plaintiff failed to state a claim upon which relief can be granted as to all of the claims except (a) Claim One's allegations that Lt. Audet terminated the plaintiff's employment in retaliation for threatening to file a grievance against him; (b) Claim Four's allegations that Warden Medina denied the plaintiff access to the court; and (c) Claim Five's allegations that defendant Brightwell retaliated against the plaintiff for filing a grievance against Lt. Audet.  I also determined that the plaintiff adequately alleged a claim for punitive damages against Lt. Audet, Brightwell, and Medina.

The plaintiff seeks partial summary judgment on the issues of "Causation, Violation of Law, and Liability of Defendants Paul Audet, Donald Brightwell, Dino Williams, Steve Owens, and Anthony DeCesaro in their individual capacities for denying the Plaintiff's constitutional rights to Freedom of Speech, Right to Petition the Government for Redress of Grievance, Right to Consult with Legal ounsel, and Obstruction of the Prison Grievance Process to Impede the Plaintiff's Access to This Court in violation of the First and Fourteenth Amendments to the United States Constitution." *Motion for Partial Summary Judgment*, p. 1.

In light of the Complaint's voluminous allegations, many of which are vague and conclusory, a summary judgment analysis is impracticable pending a determination of the adequacy of the allegations.  The plaintiff may reassert his request for summary judgment at an appropriate time after the district judge issues a decision on the defendants' motion to dismiss and my associated recommendation.

In addition, the Motion for Partial Summary Judgment is improper because it contains many allegations that are not found in the Complaint.  The plaintiff may not amend the allegations of his Complaint in this manner.

Finally, successive motions for summary judgment are not permitted.  The plaintiff may wish to concentrate his arguments on the claims that survive a motion to dismiss.

The defendants request an order striking the plaintiff's Motion for Partial Summary Judgment.  The defendants' request is moot.

IT IS ORDERED:

(1)   The plaintiff's Motion for Partial Summary Judgment [Doc. #29] is DENIED WITHOUT PREJUDICE as premature pending the district judge's determination of my recommendation on the defendants' motion to dismiss; and

(2)   The defendants' Motion to Strike [Doc. #36] is DENIED as moot.

Dated December 12, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3