IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00901-MSK-BNB

JAMES RALPH DAWSON, JR.,

Plaintiff,

v.

PAUL AUDET,
DONALD BRIGHTWELL, and
ANGEL MEDINA,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions filed by the plaintiff:

(1)  **Plaintiff's Motion to Compel Defendants to Comply with Discovery Request Pursuant to Fed.R.Civ.P. 34(2)(A)** [Doc. #70, filed 08/22/2013] (the "First Motion"); and

(2)  **Plaintiff's Amended Motion to Compel Discovery Request Pursuant to Fed.R.Civ.P. 26(b)(1)** [Doc. #73, filed 08/28/2013] (the "Second Motion").

The plaintiff filed his Prisoner Complaint on April 5, 2012 [Doc. #1] (the "Complaint"). The Complaint asserts six claims for relief. The claims contain multiple sub-claims. The defendants filed a Motion to Dismiss on July 30, 2012 [Doc. #27]. The following claims survived the Motion to Dismiss:  (a) allegations in Claim One that Lt. Audet terminated the plaintiff's employment in retaliation for threatening to file a grievance against him; (b) allegations in  Claim Four that Warden Medina denied the plaintiff access to the court; and (c)  allegations in Claim Five that defendant Brightwell retaliated against the plaintiff for filing a

grievance against Lt. Audet.  All other claims against the defendants were dismissed, including allegations in Claim Four that the plaintiff was given only one-half -hour out of his cell each day "based upon exaggerated security concerns created by Angel Medina pitting rival gang member against each other to justify compromising basic constitutional rights given to prisoners/me."

In his First Motion, the plaintiff asserts that on July 11, 2013, he submitted to the defendants his Requests for Production of Documents, but the defendants did not respond.  The defendants state that they timely served their responsive documents on the plaintiff, *Response to Plaintiff's Motion to Compel Discovery* [Doc. #75], and the plaintiff admits that he received the documents.  *Second Motion*, ¶ 1.  Therefore, the First Motion is denied as moot.

In his Second Motion, the plaintiff seeks to compel responses to Requests Nos. 5, 6, 16, and 17.  These requests seek the following information:

> RFP 5: All electronic and original process on file, including Orders, Findings, and Disciplinary Sanctions imposed by C.D.O.C. against employee Ken Sokol at the Limon Corr. [sic] Fac. [sic] during Angel Medina's supervision at the prison.
>
> RFP 6: All electronic and original process on file, including Orders, Findings, and Disciplinary Sanctions imposed by the C.D.O.C. against Angel Medina regarding his transfers as Warden from Limon Corr. [sic] Fac. [sic] to Fremont Corr. [sic] Fac. [sic] to C.D.O.C. Headquarters: [sic]
>
> RFP 16: All electronic and original process on file regarding incident reports of gang fights occurring in Living Unit-2A Pod between July 14, 2010 [sic] to Sept. 30, 2011 [sic] at the Limon Corr. [sic.] Fac., and Jan. 23, 2011.
>
> RFP 17: All electronic and original process on file regarding the identity and inmate trackers of the offenders involved in gang fighting occurring in Living Unit – 2A Pod between July 14, 2010 [sic] to Sept. 30, 2011. This request can be considered two request [sic] if necessary.

Attachment to *Second Motion*; *Response to Plaintiff's Amended Motion to Compel Discovery*, pp. 3-4, 6.

The defendants objected to the requests on several bases, including that they are irrelevant and not calculated to lead to admissible evidence. I agree. Request No. 5 seeks information regarding Ken Sokol. The plaintiff states that the basis for this request is that Sokol "was under the direct supervision of defendant Angel Medina when Sokol was discipline[d] by other authorities for pitting rival gang members against each other." Second Motion, ¶ 4. Similarly, Request Nos. 16 and 17 seek information regarding gang fights. Mr. Sokol is not a party to this action, and the allegations regarding gang fights have been dismissed. Request No. 6 seeks information regarding defendant Medina's transfer from one prison facility to another. However, the remaining claim against Medina is for denial of access to the court.

The information sought in Requests Nos. 5, 6, 16, and 17 is not relevant to the plaintiff's remaining claims, and it is not reasonably calculated to lead to the discovery of admissible evidence.

IT IS ORDERED:

(1) Plaintiff's Motion to Compel Defendants to Comply with Discovery Request Pursuant to Fed.R.Civ.P. 34(2)(A) [Doc. #70] is DENIED as moot; and

(2) Plaintiff's Amended Motion to Compel Discovery Request Pursuant to Fed.R.Civ.P. 26(b)(1) [Doc. #73] is DENIED.

Dated September 25, 2013.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge