**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-00901-MSK-BNB**

**JAMES RALPH DAWSON, JR.,**

       **Plaintiff,**

**v.**

**PAUL AUDET,
DONALD BRIGHTWELL, and
ANGEL MEDINA,**

       **Defendant.**
_____

**ORDER GRANTING MOTION CHALLENGING TAXATION OF COSTS**
_____

**THIS MATTER** comes before the Court on the Plaintiff, James Ralph Dawson, Jr.'s

Motion (**#157**) seeking review of the costs taxed by the Clerk. Though Mr. Dawson's motion

indicates the Motion was opposed, the Defendants have not filed a response.

On March 10, 2015, following a jury verdict in favor of the Defendants, the Court entered

judgment against Mr. Dawson.  On March 24, 2015, the Defendants filed a Bill of Costs (**# 151**),

seeking, among other things, the costs of witness fees, mileage, and subsistence for three trial

witnesses.  On April 15, 2015 (**#155)** the Clerk of the Court taxed costs against Mr. Dawson,

including the costs relating to the three witnesses.  Mr. Dawson moves the Court to review that

taxation as to costs assessed for one witness, Susan Butler.

At trial, Mr. Dawson attempted to call Ms. Butler as a witness in his own case-in-chief.

Although Ms. Butler was apparently available at the courthouse, the Defendants objected to her

testifying due to her lack of personal knowledge of the pertinent facts.  After hearing argument,

the Court sustained the objection and refused to let Ms. Butler testify.   The Defendants did not

call Ms. Butler in their case; she did not testify at all.

28 U.S.C. § 1920 entitles a prevailing party to recoup certain costs, including "fees and

disbursements for . . . witnesses."  The record is unclear as to why the Defendants are now

seeking costs for a witness that Mr. Dawson unsuccessfully sought to call at trial.  The Court

assumes – and can do no more given the lack of response to Mr. Dawson's motion by the

Defendants – that counsel for the Defendants agreed to voluntarily produce Ms. Butler, an

employee of the Colorado Department of Corrections, rather than requiring Mr. Dawson to

subpoena her.[1]  Assuming such an agreement existed, the Defendants have not identified for the

Court whether the parties had any discussions about who would bear the costs of Ms. Butler's

attendance (much less whether they discussed the nature of their objection to Ms. Butler's

testimony).  Moreover, it is not even clear to the Court whether the Defendants subpoenaed Ms.

Butler (such that they were thus required to pay her witness fees and mileage costs as required by

Fed. R. Civ. P.  45(b)(1)), or whether the costs being claimed are those that Ms. Butler incurred

appearing voluntarily at trial.

Notations made to the proposed bill of costs by the Clerk (**#155)** verify that Ms. Butler

was Mr. Dawson's witness who was "made available" the first day of trial.   Although the notes

indicate that the Clerk determined that costs for Ms. Butler were reasonable, no elaboration as to

the reasoning behind this determination is provided.  This omission is significant, given that the

Defendants claim $ 66.00 in "subsistence" costs for Ms. Butler.[2]  28 U.S.C. § 1821(d)(1) allows

---

[1]     Mr. Dawson was represented by counsel, and thus, there was no impediment to him
issuing a subpoena to Ms. Butler, rather than relying upon the Defendants to do so.

[2]     The Court notes that the Clerk similarly taxed subsistence costs in the same amount for
two other witnesses called by the Defendants.  The Bill of Costs indicates that these witnesses

for payment of subsistence costs "when an overnight stay is required at the place of attendance

because such place is so far removed from the residence of such witness as to prohibit return

thereto from day to day."  The Bill of Costs identifies Ms. Butler's residence as being in

Colorado Springs, Colorado, approximately 70 miles from the courthouse in Denver.  It seems

extremely unlikely that, even if witness costs for Ms. Butler were properly taxed, that they would

include subsistence calculations.

As the party seeking taxation of costs, the Defendants bear the burden of establishing its

entitlement to costs and the reasonable amount of costs incurred.  *Cohlmia v. St. John Medical

Center*, 693 F.3d 1269, 1288 (10th Cir. 2012).  The Defendants failed to respond to Mr.

Dawson's motion challenging the taxability of witness costs relating to Ms. Butler and thus have

failed to carry their burden  with regard to costs relating to Ms. Butler.  Accordingly, the Court

**GRANTS** Mr. Dawson's motion **(# 157)** and vacates that portion of the Clerk's taxation of costs

relating to Ms. Butler.  Costs are taxed in favor of the Defendants in the amount of $509.41, and

the Judgment is deemed amended to reflect that award.

Dated this 7th day of January, 2016.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

reside in Colorado Springs and Canon City, Colorado (which is approximately 120 miles from
Denver).  Mr. Dawson has expressly stated that he does not challenge the Clerk's decision to tax
the full amount of costs sought by the Defendants as to these two witnesses.